DALE EUGENE SOLLARS, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 3953

December 19, 1957                    319 P.2d 139

*John W. Bonner,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City;
and *George M. Dickerson,* District Attorney, Clark
County, for Respondent.

# OPINION

By the Court, MERRILL, J.:

The State has filed petition for rehearing, specifying six points upon which rehearing is requested. In no respect do we feel rehearing to be justified.

In one respect, however, the petition indicates the need for a clarification of our opinion. We stated, "Upon this ground of appeal we conclude that it was abuse of discretion to permit separation of the jury over objection of the defendant under the admonition given. Communication (and consequent prejudice) having been established we conclude that the abuse of discretion demands reversal." [73 Nev. 260.]

Upon this point we had held that an inference of communication had been raised under the circumstances of the case and further stated, "If such was not the fact the State could well have overcome the inference by proof." We gave no indication, however, of when or how such proof might be presented.

Our opinion reflects our view that the granting of separation alone would not warrant reversal. No prejudice could result or be presumed from separation in the absence of communication. The fact of communication should, then, be brought to the attention of the trial court through appropriate motion for relief. In the instant case a motion for new trial was made upon the ground of prejudicial newspaper coverage of the trial. Copies of news articles were offered in support of the motion. The motion was denied. Since prejudice resulted from action of the trial court asserted to be erroneous, it was a proper subject of motion for new trial. Motion for mistrial was not a necessary prerequisite.

The State has attached to its petition for rehearing affidavits of the jurors respecting the questions of communication and prejudice. While these affidavits do, in some cases, show that the jurors regarded the admonition of the trial court as one not to read or scan any newspaper or to listen to or observe any newscasts, still

they do not, in each instance, completely negative communication. Unquestionably they show a uniformly conscientious attitude on the part of the jury and a belief that prejudice did not result from separation. This is matter which should have had the attention of the trial court on motion for new trial. If communication or prejudice are to be held disproved it must be by factual judgment of the trial court and not by the original determination of this court on appeal. Appellant has moved that the affidavits be stricken as not a proper part of the record before this court. The motion must be granted. Campbell v. Baskin, 68 Nev. 469, 235 P.2d 729.

It is ordered that the affidavits attached to the petition for rehearing be stricken. Rehearing is denied.

BADT, C. J., and EATHER, J., concur.